UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | 2:22-cv-07942-SVW-SHK | Date: | March 25, 2025 |
| Title: | D.A.W. v. Leland Dudek,[1] Acting Comm'r of Soc. Sec'y | | |

Present: The Honorable  Shashi H. Kewalramani, United States Magistrate Judge

| D. Castellanos | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings (IN CHAMBERS):   FINAL ORDER TO SHOW CAUSE**

    The Court received and reviewed Plaintiff's Petition for Attorney Fees Pursuant to 42 U.S.C. § 406(b) ("Petition"), filed February 24, 2025.  Electronic Case Filing Number ("ECF No.") 35, Petition.  Counsel for Defendant timely responded to Plaintiff's Petition ("Response") on March 10, 2025, and "neither supports nor opposes Counsel's request for attorney's fees."  ECF No. 38, Response.

    Upon review of Plaintiff's Petition, however, the Court discovered that Plaintiff had failed to lodge a proposed order with the Petition in violation of the Local Civil Rules for the United States District Court for the Central District of California ("Local Rules" or "L.R.").  Therefore, on March 14, 2025, the Court ordered Plaintiff to show cause ("OSC") by March 24, 2025, why the Petition should not be denied for violating the Local Rules.  ECF No. 39, OSC.  Specifically, the Court found that:

> A review of Plaintiff's Petition reveals that Plaintiff has violated the Local . . . Rules . . . by failing to lodge a proposed order with the Petition.  See L.R. 7-20 ("A separate proposed order shall be lodged with any motion or application requiring an order of the Court, pursuant to L.R. 52-4.1.  Unless exempted from electronic filing pursuant to L.R. 5-4.2, each proposed order shall comply with

---

[1] Leland Dudek has been appointed the Acting Commissioner of Social Security.  Under Federal Rule of Civil Procedure 25(d), he is automatically substituted as the Defendant in this suit.

L.R. 5-4.4."); see also L.R. 52-4.1 ("A separate proposed order shall be submitted with any stipulation, application, motion, or request of the parties requiring an order of the court . . . as provided in L.R. 5-4.4."); L.R. 5-4.4.1 ("When a proposed order or other proposed document accompanies an electronic filing, the proposed order or other proposed document shall be in PDF format and included, as an attachment, with the main electronically filed document").

Id. at 1.

The Court noted that Plaintiff could satisfy the OSC by filing a proposed order by March 24, 2025, and "**warned that failure to timely satisfy th[e] order may result in Plaintiff's Petition being denied for failure to prosecute and follow Court orders and the Local Rules.**" Id. at 2 (emphasis in original).

Plaintiff failed to timely file a proposed order as ordered. Instead, on the OSC filing deadline, Plaintiff filed a proof of service and declaration in support thereof, with no explanation as to why Plaintiff filed these documents instead of a proposed order as was required by the OSC. Thus, although Plaintiff filed some documents by the OSC deadline, Plaintiff has nevertheless failed to timely satisfy the OSC because Plaintiff has not filed the correct document—a proposed order—by the deadline set forth above.

Nevertheless, Plaintiff is given one **final** opportunity to satisfy the OSC. Plaintiff is instructed, again, that Plaintiff may satisfy the OSC by filing a **proposed order** by **April 8, 2025**.

**Plaintiff is warned that failure to timely satisfy the order will result in Plaintiff's Petition being denied for failure to prosecute and follow Court orders and the Local Rules.**

**IT IS SO ORDERED.**